# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| TRUSTEES OF THE CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, TRUSTEES OF THE CHICAGO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND, TRUSTEES OF THE CHICAGO REGIONAL COUNCIL OF CARPENTERS SUPPLEMENTAL RETIREMENT FUND, and TRUSTEES OF THE CHICAGO REGIONAL COUNCIL OF CARPENTERS APPRENTICE TRAINING FUND, <br><br> Plaintiffs, <br> v. <br><br> 8 ACES CONSTRUCTION, INC., <br><br> Defendant. | CIVIL ACTION |

## C O M P L A I N T

Plaintiffs, TRUSTEES of the CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, et al., by their attorney, David Whitfield, complain of the Defendant, 8 Aces Construction, Inc., as follows:

1. This action arises under Section 502 of the Employee Retirement Income Security Act and Section 301 of the Taft-Hartley Act. (29 U.S.C. §§1132 and 185). Jurisdiction is founded on the existence of questions arising thereunder.

2. The CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, the CHICAGO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND, the CHICAGO REGIONAL COUNCIL OF CARPENTERS SUPPLEMENTAL RETIREMENT FUND, and the CHICAGO REGIONAL COUNCIL OF CARPENTERS APPRENTICE TRAINING FUND ("Trust Funds") receive contributions from numerous employers pursuant to Collective Bargaining Agreements between the employers and the CHICAGO REGIONAL COUNCIL OF CARPENTERS, successor of the CHICAGO & NORTHEAST ILLINOIS DISTRICT COUNCIL OF CARPENTERS, ("Union"), and therefore, are multiemployer plans. (29 U.S.C. §1002). The Trust Funds are administered at 12 East Erie Street, Chicago, Illinois and venue is proper in the Northern District of Illinois.

3. 8 Aces Construction, Inc. is an employer engaged in an industry affecting commerce which entered into a Collective Bargaining Agreement whose terms require Defendant to pay fringe benefits to the Trust Funds.

4. The Collective Bargaining Agreements also binds 8 Aces Construction, Inc. to the provisions of the Agreement and Declarations of Trust that created the Trust Funds ("Trust Agreements").

5. 8 Aces Construction, Inc. is required to make contributions to the Trust Funds for each hour worked by its carpenter employees at the rate and in the manner specified in the Collective Bargaining Agreements and Trust Agreements. In addition, the Defendant is required to make contributions to the Trust Funds measured by the hours worked by subcontractors that are not signatory to a Collective Bargaining Agreement with the Union.

6. Pursuant to the provisions of the Trust Agreements and the Collective Bargaining Agreements, 8 Aces Construction, Inc. is required to provide access to the records necessary for the Trust Funds to determine whether there has been compliance with the obligation to contribute to the Trust Funds.

7. 8 Aces Construction, Inc. breached the provisions of the Collective Bargaining Agreement by failing to allow Plaintiffs to complete an audit of Defendant's books and records for the period January 2015 through the present, after demand for audit was made upon the Defendant.

8. Plaintiffs have been required to employ the undersigned attorneys to compel the audit of the Defendant's books and records.

9. 8 Aces Construction, Inc. is obligated to pay the auditor fees, attorney fees, and court costs incurred by the Plaintiffs pursuant to the Collective Bargaining Agreements, the Trust Agreements, and/or 29 U.S.C. §1132(g)(2)(D).

10. According to the Collective Bargaining Agreement, the Trust Agreements and/or 29 U.S.C. §1132(g), 8 Aces Construction, Inc. is obligated to pay any fringe benefit contributions shown to be due upon completion of the audit, as well as liquidated damages and interest.

11. Pursuant to 29 U.S.C. §1132(g)(2), Plaintiffs are entitled to an amount equal to the greater of:

(a) double interest; or

(b) interest plus liquidated damages.

WHEREFORE, Plaintiffs pray:

A. That the Defendant, 8 Aces Construction, Inc., be required to provide access to books and records within ten (10) days for the period of January 2015 through the present.

B. That 8 Aces Construction, Inc. be ordered to pay all contributions shown to be due upon completion of the audit.

C. That 8 Aces Construction, Inc. be ordered to pay the auditor fees, and attorney fees/costs incurred by the Plaintiffs.

D. That 8 Aces Construction, Inc. be ordered to pay liquidated damages and interest.

E. That Plaintiffs have such other and further relief as by the Court may be deemed just and equitable all at the Defendant's cost.

Respectfully Submitted,

TRUSTEES OF THE CHICAGO REGIONAL COUNCIL PENSION FUND, et al.

By: s/David Whitfield
_____
DAVID WHITFIELD

Attorney for Plaintiffs
Whitfield McGann & Ketterman
111 East Wacker Drive, Suite 2600
Chicago, Illinois 60601